In re JOHNS–MANVILLE CORP., et al.

Nos. 86 Civ. 6124 (WK), 87 Civ. 0139 (WK), 87 Civ. 0699 (WK), 87 Civ. 0700 (WK), 87 Civ. 0701 (WK), 87 Civ. 0847 (WK) and 87 Civ. 1283 (WK).

United States District Court, S.D. New York.

July 15, 1987.

L. Gordon Harriss, Davis Polk & Wardwell, New York City, Michael J. Crames, Levin & Weintraud & Crames, New York City, for debtors.

David H. Remes, Covington & Burling, Washington, D.C., for Armstrong World Indust.

Richard Lieb, Kronish Lieb Weiner & Hellman, New York City, for Certain Holders of Common Stock.

Elihu Inselbuch, Caplin & Drysdale, Chartered, New York City, for Asbestos Health Committee.

George A. Hahn, Hahn & Hessen, New York City, for Equity Security Holders Committee.

Matthew Gluck, Fried Frank Harris Shriver & Jacobson, New York City, for Leon Silverman, Legal Representative.

Batya Roth, Securities & Exchange Com'n, Washington, D.C.

John J. Jerome, Milbank, Tweed, Hadley & McCloy, New York City, for Creditors Committee.

Virginia M. Handal, Securities & Exchange Commission, New York City.

Ellen R. Werther, Weil Gotshal & Manges, New York City, for Owens-Illinois.

Michael L. Goldberg, Aaron H. Simon, Charles B. O'Reilly, George M. Rosenberg, Greene, O'Reilly, Broillet, Paul, Simon, McMillan, Wheeler & Rosenberg, Washington, D.C., Vern Countryman, Cambridge, Mass., for Lawrence Kane Objectors; Jerrold T. Doros, Doros & Blessey, P.C., New York City, of counsel.

Robert Somma, Goldstein & Manello, Boston, Mass., for State Government Creditors Committee.

Ellen P. Chapnick, Wolf Popper Ross Wolf & James, New York City, for Schools Committee.

Charles F. Vihon, Gaston Snow & Ely Bartlett, Boston, Mass., for University of Missouri and Hospitals.

Michael O. Young, Deputy Chief, Office of Corp. Counsel, Affirmative Lit. Bureau, New York City.

Roy H. Carlin, Windels, Marx, Davies & Ives, New York City, for referred Stockholders Committee.

John F. Banzhaff, III, Action on Smoking & Health, Washington, D.C., pro se.

Harold Jones, U.S. Trustee, New York City.

E. Judge Elderkin, Frederick D. Holden, Jr., Brobeck Phleger & Harrison, San Francisco, Cal., for Fibreboard Corp.

Marc L. Greenberg, Eagle-Picher Industries, Inc., Cincinnati, Ohio.

James E. Hipolit, Acands, Inc., Lancaster, Pa.

George M. Cheever, Kirpatrick & Lockhart, Pittsburgh, Pa., for H.K. Porter Co.

Howard I. Rhine, Coleman & Rhine, New York City, for Armstrong World Industries, Inc.

Baldo M. Carnecchia, Jr., Montgomery McCracken & Walker, Philadelphia, Pa., for Celotex, Corp.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

On August 26, 1982 Johns-Manville Corporation and affiliated entities ("Manville") filed petitions for reorganization pursuant to Chapter 11 of the Bankruptcy Code. At that time Manville faced massive toxic tort liability, arising principally from asbestos related health and property claims, as well as the certainty of many, many more such claims in the future. In the ensuing nearly five years, the parties and Bankruptcy Judge Lifland have worked with skill and ingenuity to fashion a suitable plan of reorganization. Such a plan must provide for the compensation of today's asbestos victims without exhausting the resources necessary to care for tomorrow's victims. It must simultaneously account to the different types of potential tort plaintiffs, to creditors of Manville and to its shareholders. And it must do so within the framework of Chapter 11, since no other vehicle exists to deal with what is said to be the largest and most complex bankruptcy reorganization in history. *Cf. In re Johns-Manville Corp.*, (2d Cir.1986) (Oakes J., dissenting) 801 F.2d 60, 69–70; *In re Johns-Manville Corp.* 824 F.2d 176 (2d 1987).

On December 18, 1986 Judge Lifland entered an order approving the Second Amended and Restated Plan of Reorganization of Manville (the "Plan"). Although the Plan was largely consensual, certain groups have appealed from that Order, and from other virtually contemporaneous Orders which were necessary prerequisites of the Plan. Those appeals have been consolidated before us. Briefs were filed, and on

June 19, 1987 we heard oral argument on the following issues:

1) The Individual Shareholder Appellants ("Wright Group") appeal from the Order of Substantive Consolidation which brought together all the Manville entities for purposes of this reorganization, and also argue that the "cram-down" of the Plan under 11 U.S.C. § 1129(a) was improper because the Plan was not "fair and equitable" to the holders of Manville common stock.

2) The MacArthur Company appeals from the Order approving Manville's settlements with its insurance companies, claiming that MacArthur's rights as a co-insured have thereby been unjustly impaired.

3) The Kane Group, an alliance of asbestos health claimants who seek to bar future health claimants from participating in the Plan, argue that issuance of the injunction which prohibits present claimants from suing Manville and permits them only to sue a Trust Fund created under the Plan, was beyond the power of the Bankruptcy Court and that the Bankruptcy Court had no power over future claimants who do not have "claims" within the meaning of the Bankruptcy Code.

4) The Armstrong Appellants (including other companies with potential asbestos-related liability) argued that the Plan should more readily permit the Trustees of the Plan to join the "Wellington Facility," an industry-wide claims handling organization.

5) The Securities and Exchange Commission ("S.E.C.") argues that it was reversible error for Judge Lifland to have declined to appoint an "official" committee to represent the interests of the common shareholders.

We have carefully reviewed the various opinions written by Judge Lifland with respect to all of these contentions. With one exception about to be noted, we see no occasion for further writing on these subjects and affirm for substantially the reasons set forth in his various opinions.

The contention that Judge Lifland committed reversible error in declining to appoint an official committee is presented by the appeal of the Wright Group, supported by the S.E.C. By our Memorandum and

Order of July 8, 1987, we directed further oral argument on a question relevant to that appeal. Decision as to that question is hereby reserved.

All other decisions by Judge Lifland are hereby affirmed.

SO ORDERED.