**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

IN RE: MICHAEL CHARLES SCHICKE,

    Debtor.

_____

CHANUTE PRODUCTION CREDIT
ASSOCIATION,

    Appellant,

v.

MICHAEL CHARLES SCHICKE,

    Appellee.

No. 03-3114
(BAP No. KS-01-089)
(U.S. Bankr. App. Panel)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY** and **McCONNELL**, Circuit Judges.

In April 1984, a Kansas state district court found Michael Schicke liable to

Chanute Production Credit Association (CPCA) in the amount of $583,186.39 for

fraudulent receipt of loans. Twelve years later, Mr. Schicke filed a petition for

relief under Chapter 7 of the Bankruptcy Code, listing CPCA as a creditor holding

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

an unsecured, nonpriority claim in the amount of the judgment. CPCA neither filed a proof of claim nor objected to discharge of the debt owed it by Mr. Schicke. In November 1996, the bankruptcy court entered a Discharge of Debtor and Final Decree. Nearly four years later, CPCA filed a Motion to Reopen in the bankruptcy court claiming it received no Notice of Commencement of Case. The bankruptcy court denied the motion. The bankruptcy appellate panel upheld the denial. *Chanute Prod. Credit Assoc. v. Schicke (In re Schicke)*, 290 B.R. 729 (2003). We affirm.

CPCA contends that Mr. Schicke's attempt to provide CPCA with notice of his bankruptcy petition via CPCA's attorney of record in the Kansas state court fraud action failed to comport with the minimum requirements of due process. The Supreme Court has held that the "practicalities and peculiarities" of each case must be considered in assessing a due process challenge, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), so the facts surrounding notice to CPCA, as found by the bankruptcy court, are essential to resolution of this case. We must accept that court's findings as true unless they are clearly erroneous. *Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d 854, 856 (10th Cir. 1989). CPCA bears the burden of proving clear error. *Id.* We therefore begin by summarizing the bankruptcy court's factual findings as to notice.

In the 1984 state court action against Mr. Schicke, attorney William Coombs of Chanute, Kansas represented CPCA. In 1989, Mr. Coombs developed cancer and CPCA retained attorney Frank Beyerl to maintain its judgment against Mr. Schicke. In July 1991, Mr. Beyerl filed a praecipe of execution so as to sustain the vitality of the judgment, and Mr. Coombs entered a similar praecipe later that year. Both Mr. Coombs and Mr. Beyerl continued to represent CPCA in the Schicke matter until November 1995, when Mr. Beyerl was suspended from the practice of law. At that time, CPCA retained the services of attorney Kent Pringle, formerly a partner of Mr. Coombs but by that time practicing independently. Mr. Pringle never entered an appearance on CPCA's behalf in the Kansas state court proceeding. CPCA's last attorney of record in the fraud matter was Mr. Coombs. According to the bankruptcy court, Mr. Coombs' law practice, Coombs & Hull, "essentially served as [CPCA's] general counsel." Aplt. App. at 99.

In the years between CPCA's fraud action and Mr. Schicke's March 1996 filing for Chapter 7 relief, CPCA was known by several names. The entity referred to itself variously as Chanute Production Credit Association, Farm Credit Services, Federal Land Bank Association, and Frontier Farm Credit. Mr. Schicke, however, knew the bank only as Chanute Production Credit Association. At the time Mr. Schicke filed his bankruptcy proceeding, the name Chanute Production

Credit Association did not appear in the Chanute, Kansas phonebook, nor was the bank registered as a corporation with the Kansas Secretary of State. The only address provided by CPCA in the 1984 fraud proceedings was that of its attorney, Mr. Coombs, at a Chanute, Kansas post office box held by the firm of Coombs & Hull. Mr. Schicke therefore listed CPCA in Schedule F of his Chapter 7 petition as:

> Chanute Production Credit Association
> c/o Coombs & Hull
> P.O. Box 306
> Chanute, KS 66720

The bankruptcy court's file contained a certificate of service of the Notice of Commencement to the above address. While CPCA denied receiving actual notice of the commencement of bankruptcy proceedings, it admitted receiving the discharge notice sent to the same address. After an evidentiary hearing, the bankruptcy court found that the law office of Coombs & Hull had received the commencement notice as well. Although the burden of proof was on CPCA to show it did not receive sufficient notice, *see In re Cloninger*, 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997), CPCA did not call any attorney from Mr. Coombs' firm to testify that the firm did not receive notice of the bankruptcy proceedings. The bankruptcy court drew an adverse inference from CPCA's failure to present such evidence, and concluded that CPCA had received actual notice of Mr. Schicke's bankruptcy proceedings. Specifically, the court found:

-4-

> That the bankruptcy of a notorious borrower whose liability exceeded $1.0 million at the time of his filing and who listed the [CPCA] in care of the lawyers who had acted to collect the judgment for several years and still represented the [CPCA] on other matters never came to the [CPCA's] attention is not likely. In the absence of any affirmative testimony by Hull that the law firm did not receive the notice, the Court is forced to conclude that [CPCA's] regular attorneys were aware of the filing and that notice to them was reasonably calculated to give knowledge of this case to the [CPCA].

Aplt. App. at 106. *See also Walker v. Wilde (In re Walker)*, 927 F.2d 1138, 1145 (10th Cir. 1991) (actual notice of chapter 7 sufficient notwithstanding failure to receive formal notice); *In re Green*, 876 F.2d at 857 (same).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. CPCA admits it changed its name several times between the time it obtained a judgment against Mr. Schicke and the date of Mr. Schicke's petition for relief under Chapter 7. Aplt. App. at 149. CPCA's name did not appear in the Chanute, Kansas phonebook. *Id.* at 155-56. However, the law office of Coombs & Hull, which the bankruptcy court concluded received Mr. Schicke's commencement notice, represented CPCA in a host of legal matters including, at least so far as the state court record showed, CPCA's fraud suit against Mr. Schicke. "[N]otice to a creditor's attorney . . . is ordinarily considered sufficient if the attorney

received knowledge of the case while representing the creditor in enforcing the creditor's claim against the debtor." 4 COLLIER ON BANKRUPTCY § 523.09[4][a] (15th ed. 2003); *see also Hecht v. Hatch (In re Hatch)*, 175 B.R. 429, 433 (Bankr. D. Mass. 1994) (notice to attorney representing creditor in claims against debtor is sufficient to bind creditor); *Linder v. Trump's Castle Assocs.*, 155 B.R. 102, 104-05 (Bankr. D.N.J. 1993) (same).

Under the facts of this case, we are persuaded that Mr. Schicke's serving notice on CPCA via its counsel at the only address CPCA had provided in the earlier fraud action was "reasonably calculated" under *Mullane*, 339 U.S. at 314, to provide CPCA with notice of Mr. Schicke's bankruptcy proceedings. Contrary to CPCA's assertion, the bankruptcy court's refusal to reopen Mr. Schicke's bankruptcy case was not an abuse of discretion.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge