**UNITED STATES of America**

v.

**H. P. HOOD & SONS, INC., United Farmers of New England, Inc., National Dairy Products Corporation, Harvey P. Hood, William C. Welden, Stanley W. Beal, Albert C. Fisher, Leo G. Maher.**

**Crim. No. 62-286.**

United States District Court
D. Massachusetts.

March 27, 1963.

John J. Galgay, William J. Elkins, Dept. of Justice, Antitrust Div., New York City, for United States.

Edward B. Hanify, Claude B. Cross, Philip M. Cronin, Sumner H. Babcock, Robert W. Meserve, John R. Hally and George H. Lewald, Boston, Mass., for defendants.

CAFFREY, District Judge.

The five individual and three corporate defendants filed a series of substantially

identical motions. In addition a claim of immunity to prosecution was asserted by the defendant William C. Welden. The motions will be dealt with *seriatim*.

■ I. *The Motions for Bills of Particulars.* The indictment filed herein, which was drawn in clear and simple language, sufficiently apprises each defendant of the nature of the offenses charged to enable him or it to prepare a defense and to protect each defendant from any risk of double jeopardy. Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). All motions for bills of particulars are denied.

II. *The Motions to Strike Certain Allegations of the Indictment.* All motions to strike are denied. United States v. Russo, 155 F.Supp. 251, 254 (D.Mass. 1957).

III. *The Motions to Dismiss.* The motions to dismiss filed on behalf of the corporate defendants and the defendants Hood, Beal, Fisher and Maher are denied. The motion to dismiss the indictment as to defendant Welden is allowed

■■ I find that Mr. Welden was subpoenaed to appear before a Special Subcommittee of the Select Committee on Small Business of the House of Representatives, 86th Congress, 2d Session, pursuant to H.Res. 51, and to bring with him certain documents, records and papers of H. P. Hood Company for the period 1937 to the date of the subpoena and I find that the subpoena required Mr. Welden "then and there to testify touching matters of inquiry committed to said Committee." I further find that pursuant to the subpoena Welden produced documents of Hood and was then interrogated at considerable length as to the nature of his activities on behalf of Hood and as to the price policy of the company. I find that Welden testified on February 18 and 19, 1960, about economic practices pursued by the Hood Company, about the competitive situation in the Greater Boston milk market, about price changes and policies of Hood,

and about meetings between himself and representatives of competitors of Hood, to such an extent as to bring him within the immunity provisions of 15 U.S.C.A. § 32. I find absolutely no evidence in the record presently before this Court of any waiver of his immunities by Mr. Welden. It must be remembered that waiver is to be found only upon clear proof thereof. See Himmelfarb v. United States, 175 F. 2d 924, 931 (9 Cir., 1949). It is immaterial that Welden did not affirmatively claim immunity. United States v. Monia, 317 U.S. 424, 430, 63 S.Ct. 409, 87 L.Ed. 376 (1943).

■ I rule that Mr. Welden's testimony was pertinent "to the very heart and substance of the matters charged in the indictment." United States v. Armour, 64 F.Supp. 855, 857 (E.D.Pa. 1946). I reject the Government's contention that 18 U.S.C.A. § 3486 is the exclusive source of immunity to persons testifying before a Congressional committee. A reading of Section 3486 makes it clear that Congress in enacting that section was concerned only with the immunity of witnesses testifying before Congressional committees in the area of national security and defense. This section does not purport to regulate the immunity question in any Congressional investigation outside the area of national defense and security.

■ The word "proceeding" in 15 U.S.C.A. § 32 should not be given the narrow technical scope argued for by the Government where to do so would fly in the face of traditional American notions of fair play (cf. McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608 (1917)) and subject a defendant to stand trial for conduct about which he has been compelled to testify by the subpoena power of a Congressional Subcommittee. United States v. Armour, 142 F. 808 (N. D.Ill.1906); cf. Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 352, 47 S.Ct. 389, 71 L.Ed. 676 (1927).

Finally, the Government's contention that the hearings were not conducted under the anti-trust laws as required by 15 U.S.C.A. § 32 before immunity will at-

tach is disposed of by the words of Chairman Tom Steed in opening the hearings: "The purpose of these hearings is to receive testimony about alleged attempts of large distributors of dairy products in the New England area to destroy small competitors and to gain control over prices and markets." Hearings before the Special Subcommittee of the Select Committee on Small Business of the House of Representatives, 86th Cong., 2nd Sess., Part IV, at 363 (1960). The hearings were clearly within the ambit of the immunity statute.

The indictment is dismissed as to defendant William C. Welden.