Allen **BOWDACH**, an infant by his legal guardian, Dorothy Bowdach, and Dorothy Bowdach, Individually, Plaintiffs,

v.

**FRONTIERLAND, INC.,** a corporation, Defendant, and Third-Party Plaintiff,

v.

Larry **MATHEWS**, alias Larry Mazzeo, and Camp Chatuga, Inc., a corporation, Third-Party Defendants.

**Civ. A. No. 3092.**

United States District Court,
W. D. North Carolina,
Asheville Division.

May 13, 1972.

See, also, D.C., 347 F.Supp. 237.

Stedman H. Hines, Bryson City, N. C., for plaintiffs.

James N. Golding, Williams, Morris & Golding, Asheville, N. C., for defendant and third-party plaintiff, Frontierland, Inc.

Herbert L. Hyde, Van Winkle, Buck, Wall, Starnes & Hyde, Asheville, N. C., for third-party defendant, Larry Mathews.

Landon Roberts, Asheville, N. C., for third-party defendant, Camp Chatuga, Inc.

## MEMORANDUM OF DECISION AND ORDER

WOODROW WILSON JONES, Chief Judge.

This matter is before the court on Motion of Third-Party Defendant, Larry Mathews, alias Larry Mazzeo, to Dismiss the third-party complaint and summons for insufficiency of service of process and for lack of jurisdiction; to vacate the order allowing Impleader and to dismiss the third-party complaint for failure to state a claim upon which relief can be granted. The matter was heard in Bryson City on March 30, 1970, and the court now enters its decision and order.

This action was instituted by Dorothy Bowdach as guardian and mother of the plaintiff, Allen Bowdach, against Frontierland, Inc., seeking to recover compen-

satory damages for personal injuries sustained by the said Allen Bowdach on July 25, 1967, and for medical expenses and loss of services.

Plaintiff alleges that while an invitee upon the premises of Frontierland at Cherokee, in the Western District of North Carolina, he was injured by the negligence of its agent, servant and employee, Larry Mathews. Frontierland answered denying agency and liability and seeks to implead Mathews, alleging in its third-party complaint that plaintiff's injuries were caused by the negligence of the said Mathews, an independent contractor. Frontierland therefore seeks contribution or indemnification from Mathews.

The plaintiff and his legal guardian are residents of the State of Florida and the third-party defendant, Larry Mathews, is a 14-year old infant who resides in California with his mother and father. Summons was issued by the Clerk of this Court on January 7, 1970, and the United States Marshal for the Central District of California served said process by delivering a copy of the summons and third-party complaint to Mathews and his mother at their home in California on January 23, 1970. This procedure was in compliance with the Rules of Civil Procedure adopted by the General Assembly of North Carolina in 1967 and which became effective January 1, 1970. General Statutes 1A–1, Rule 4(j) (1)a. and (2)a. outlines the method of serving process upon a minor defendant and his parents or guardian, and this procedure was followed in this instance. General Statutes 1A–1, Rule 4(j) (9)a. authorizes and prescribes the manner of personal service of summons outside the state as an alternative method of service on a party not found within the state.

Frontierland contends that this court has personal jurisdiction over the third-party defendant, Mathews, under the provisions of General Statutes 1–75.4(3) which reads as follows:

"G.S. 1–75.4 *Personal jurisdiction, grounds for generally.*—A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

(3) *Local Act or Omission.*—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant."

The court has subject matter jurisdiction by reason of diversity of citizenship. The defendant, Frontierland, relies upon the service of process by the United States Marshal in California to confer *in personam* jurisdiction of the third-party defendant, Mathews. Rule 4, Federal Rules of Civil Procedure, directs that process be served in a manner prescribed by the law of the state in which the district court is held. Process was served personally upon the infant defendant and his mother as directed under the North Carolina statute. As a basis for such personal jurisdiction, Frontierland cites and relies upon G.S. § 1–75.3(b) which reads in part as follows:

"Personal jurisdiction.—A court of this state having jurisdiction of the subject matter may render a judgment against a party personally only if there exists one or more of the jurisdictional grounds set forth in § 1–75.4 . . . and in addition either:

(1) Personal service or substituted personal service of summons, or service of publication of a notice of service of process is made upon the defendant pursuant to Rule 4(j) of the Rules of Civil Procedure . . ."

Mathews, the third-party defendant, contends that the provisions of G.S. § 1–75.3 and G.S. § 1–75.4 authorizing the service of summons personally on a nonresident outside of the state to obtain *in personam* jurisdiction, as applied to him under the circumstances of this case, are violative of the Due Process Clause of the Fourteenth Amendment. He there-

fore contends that the service is invalid and that the action should be dismissed as to him.

Many changes have been wrought in the law of the land since the Supreme Court said, in substance, in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878), that:

> The process of a court of one state cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the state to a nonresident is unavailing to give jurisdiction in an action against him personally for money recovery.

During the past 50 years many statutes have been adopted by the various states authorizing *in personam* jurisdiction of nonresidents and many of them have weathered the storms of unconstitutionality and have survived. The first major break came in the case of Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927), when the court upheld the constitutionality of a Massachusetts statute authorizing service of process on nonresident motorists by delivery of copy of process to the Registrar of Motor Vehicles of that state. The court said of this arrangement:

> "In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process."

In 1940 the Supreme Court held that there was no violation of the Due Process Clause when summons issued by the State of Wyoming was served on one of its citizens, Meyer, while he resided in the State of Colorado. The court said:

> "Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service." Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278.

The court continued:

> "Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice (McDonald v. Mabee, supra [243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608]) implicit in due process are satisfied. Here there can be no question on that score."

In 1945 the Supreme Court upheld a long-arm statute of the State of Washington. In International Shoe Co. v. State of Washington, Etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the court decreed:

> "Historically the jurisdiction of courts to render judgment *in personam* is grounded on their *de facto* power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was a prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum con-

tacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Citing Milliken v. Meyer, supra.

Then in 1950, the Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, reasoned that:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Citing Milliken v. Meyer, supra.

In 1965, the Supreme Court in the case of Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62, citing the quotation appearing above from Mullane v. Central Hanover Bank & Trust Company, decreed:

> "A fundamental requirement of due process is 'the opportunity to be heard.' Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 783 [58 L.Ed. 1363]. It is an opportunity which must be granted at a meaningful time and in a meaningful manner."

With these firmly established principles of law in mind, we now examine the facts of this litigation to determine whether the provisions of North Carolina General Statutes §§ 1–75.3, 1–75.4 and General Statutes § 1A–1, Rule 4(j), as applied in this case, meet the requirements of due process. The alleged tort was committed in the Western District of North Carolina. The plaintiff alleges that the tort was committed by Mathews, as agent and servant of Frontierland, while he was appearing personally in the district as a performer at defendant's place of business in Cherokee, North Carolina. The defendant, Fron-

tierland, says that Mathews was an independent contractor and impleads him as a third-party defendant for contribution or indemnification. Mathews, an infant, was served with summons at his California home by the United States Marshal. This service was perfected by leaving a copy of the summons with Mathews and his mother as required by the provisions of the statutory Rules of Civil Procedure of North Carolina. Mathews has had notice of this litigation and now appears in this court with counsel.

No form of substituted service can be employed which is more reasonably calculated to give the defendant actual notice of a proceeding in court than the form used in this case, that is, personal service outside the state. The third-party defendant was in this state and district and performed in person at Frontierland's place of business. It is alleged that while here in person he committed a tort which resulted in damages to the plaintiff, and the court is making inquiry into that matter. He has received notice of this proceeding and is being given an opportunity to be heard "at a meaningful time and in a meaningful manner." The traditional notions of fair play and substantial justice are satisfied. The court therefore holds that the requirements of due process have been met and the provisions of North Carolina General Statutes §§ 1–75.3, 1–75.4, and § 1A–1, Rule 4(j) (1)a. and (9)a., as applied in this cause are not violative of the Due Process Clause of the Fourteenth Amendment. The service of process upon Mathews, the third-party defendant, is therefore valid.

The third-party complaint states a cause of action upon which relief can be granted. The motion of the third-party defendant to dismiss the third-party complaint and summons should be denied.