*1307 SCHALL, Circuit Judge,
dissenting.
Because I believe that the United States District Court for the Middle District of Georgia erred in not allowing Cipla Limited (“Cipla”) to designate the Northern District of Illinois as a substitute forum for suit against it, I respectfully dissent from the decision of the majority affirming the district court’s exercise of personal jurisdiction over Cipla. I would reverse the decision of the court and would vacate the contempt order and underlying default judgment against Cipla. I also would vacate the injunction against Cipla, Velcera, Inc. (“Velcera”), and Fidopharm, Inc. (“Fi-dopharm”). Finally, I would remand to the district court with the instruction that it transfer the case to the United States District Court for the Northern District of Illinois.
I.
In the district court, Cipla responded to Merial Limited’s and Merial SAS’s (collectively, “Merial”) motion for contempt by moving to vacate the 2008 default judgment against it. In its motion, Cipla argued that the judgment was void because, when it was entered, Cipla was not subject to the personal jurisdiction of the court. In response to the motion, Merial alleged, for the first time, Rule 4(k)(2) as an alternate basis for jurisdiction. In ruling on Cipla’s motion, although the district court determined that, in 2008, Cipla had not been subject to personal jurisdiction under Georgia’s long-arm statute, it determined that Cipla had been subject to personal jurisdiction under Rule 4(k)(2). Contempt Order, 2011 WL 2489753, at *9.
The district court first noted that, when Cipla was sued in 2007, it did not designate a substitute forum in which the action could be brought, and that it was not until Cipla filed its reply in response to Merial’s opposition to its motion to vacate the default judgment that it designated Illinois as a substitute forum. Id. at *8. Under these circumstances, the court stated, it was not enough that Cipla now consented to personal jurisdiction in Illinois. Rather, it was necessary to determine whether suit could have been brought in Illinois in 2007:
The Court finds that Cipla’s “after the fact” willingness to consent to jurisdiction in Illinois so that it may vacate a previously entered default judgment is not sufficient to support a finding that it could have been sued in another state and thus avoid Rule 4(k)(2) jurisdiction. Instead the Court finds that Rule 4(k)(2) requires a determination of whether an Illinois court could have exercised personal jurisdiction over Cipla at the time the Complaint in this action was filed absent consent to jurisdiction by Cipla.
Id. at *9. See also id. (“The Court finds that the proper inquiry in a case where a defendant seeks to avoid a default judgment due to lack of personal jurisdiction by designating a forum where it is subject to jurisdiction pursuant to Rule 4(k)(2) is to determine whether the defaulted action could have been brought in that designated forum in the first place under that forum’s long-arm jurisdiction.”). Examining what it understood to be the state of Cipla’s contacts with Illinois in 2007, the court concluded that Merial had carried its burden “of demonstrating that Cipla would not have been subject to personal jurisdiction in ... 2007 in Illinois under Illinois law.” Id. Accordingly, the court found that Cipla “was not subject to any state’s courts of general jurisdiction under Rule 4(k)(2).”
II.
In affirming the decision of the district court, the majority observes that it “need not decide ... the general requirements for a defendant to prevent the application of Rule 4(k)(2) by consenting to suit in *1308 another jurisdiction....” Maj. op. at 1295. The majority states that “it suffices in this case to hold that a defendant, like Cipla, challenging a prior default judgment may not do so by naming another forum that would not have had an independent basis for jurisdiction at the time of the original complaint.” Id. Starting from that premise, the majority agrees with the district court that, Cipla’s consent notwithstanding, it was necessary to determine whether, in 2007, personal jurisdiction over Cipla existed under the Illinois long-arm statute, and the majority finds no error in the district court’s analysis under that statute. Maj. op. at 1294-95. Significantly, the majority rejects Cipla’s argument that it was entitled to rely on the allegations in Merial’s 2007 complaint, which did not mention Rule 4(k)(2) as a basis for personal jurisdiction, but, instead, recited jurisdiction based solely upon Georgia’s long-arm statute. Complaint at ¶ 14, Merial Ltd. v. Cipla Ltd., No. 3:07-CV-125 (CDL) (M.D.Ga. Nov. 13, 2007). The majority reasons that
[rjegardless of the specific allegations in the 2007 complaint, Cipla should have apprehended that a Rule 4(k)(2) inquiry might arise, particularly as a foreign company believing itself to be outside the reach of the forum state’s long-arm statute. Furthermore, even though Ci-pla’s initial belief that the complaint recited an incorrect basis for jurisdiction was ultimately vindicated, that issue remained an open question at the time, and Cipla had the option of filing a pre-answer motion under Rule 12(b)(2) to settle all issues of personal jurisdiction up front. Cipla instead chose to do nothing, and it must bear the consequences of that decision.
Maj. op. at 1297.
III.
I am dissenting because, in my view, the majority affirms a decision of the district court which rests upon two fundamental errors. As I explain below, I believe that the district court erred in holding that Cipla could not designate Illinois as a substitute forum because it had failed to do so in 2007. I also believe that the district court erred in requiring a determination that the 2007 action could have been brought in Illinois in the first place under the Illinois long-arm statute.
A.
Turning to the first point, I begin with the principle, which the majority recognizes, that “[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.” Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492, 504 (1982). See Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852, 854-55 (11th Cir.2010) (holding that defendants had not waived personal jurisdiction defense to default judgment despite allegations of defendants’ “ ‘lawyerly gamesmanship’ in ignoring valid service, retaining counsel in the United States, [and] monitoring court proceedings”); Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210 (11th Cir.2009) (vacating default judgment because of lack of personal jurisdiction); Jackson v. FIE Corp., 302 F.3d 515, 523 (5th Cir.2002) (“[A] party’s right to object to personal jurisdiction is waived under Rule 12(h) [of the Federal Rules of Civil Procedure] if such party fails to assert that objection in his first pleading or general appearance. But a party’s right to contest personal jurisdiction is not waived by his failure to appear at all.”) (footnote omitted); Foster v. Arletty 3 Sarl, 278 F.3d 409, 413 (4th Cir.2002) (citing Ins. Corp. of Ireland, Ltd.); Practical Concepts, Inc. v. Republic *1309 of Bolivia, 811 F.2d 1543, 1547 (D.C.Cir.1987) (“When [a] person [named as a defendant] kn[o]w[s] about the action but perceive[s] that the court lack[s] territorial or subject matter jurisdiction, he is given a right to ignore the proceeding at his own risk but to suffer no detriment if his assessment proves correct.”) (quoting Restatement (Second) of Judgments § 65, cmt. b (1982)).
In my view, for the following reasons, this principle applies with particular force in this case: (1) Merial at all times had the burden of making out a prima facie case of personal jurisdiction over Cipla. See Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1410 (Fed.Cir.2009) (holding that in the absence of an evidentiary hearing, plaintiff must make a prima facie showing of personal jurisdiction); Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir.2006) (Plaintiff “has the burden of establishing a prima facie case of personal jurisdiction.”) (citing Meier ex. rel. Meier v. Sun Int’l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir.2002)); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir.1997) (“The plaintiff, moreover, has the burden of demonstrating the existence of personal jurisdiction.”); (2) jurisdiction over Cipla under Georgia’s long-arm statute was the sole basis for personal jurisdiction asserted by Merial in its 2007 complaint; (3) it has been determined— and Merial has not challenged the determination — that personal jurisdiction over Ci-pla did not lie under Georgia’s long-arm statute, which, again, was the sole basis asserted in the 2007 complaint; and (4) it was not until Merial filed its response to Cipla’s motion to vacate that Merial invoked Rule 4(k)(2), at which point Cipla promptly designated Illinois as a substitute forum. See Oldfield, 558 F.3d at 1218 n. 22 (implicitly recognizing that, even after a default judgment, an alternative forum may be identified). I thus believe that the district court erred in penalizing Cipla for not designating Illinois as a substitute forum prior to the time Rule 4(k)(2) was first asserted by Merial. Put most simply, I believe that because Merial had the burden of establishing personal jurisdiction and because Cipla was entitled to ignore what it viewed as a defective basis for such jurisdiction stated in the 2007 complaint, it was error not to allow Cipla to designate a substitute forum the first time Rule 4(k)(2) was asserted as the ground for personal jurisdiction over it.
The district court criticized Cipla — and the majority joins in that criticism — for not having sought to consent to jurisdiction in the Northern District of Illinois when it was sued in 2007. Thus, the district court looked askance at what it characterized as “Cipla’s ‘after the fact’ willingness to consent to jurisdiction in Illinois so that it may vacate a previously entered default judgment.” Contempt Order, 2011 WL 2489753, at *9. For its part, as noted above, the majority states that “Cipla should have apprehended that Rule 4(k)(2) might arise” and that Cipla “had the option of filing a pre-answer motion under Rule 12(b)(2) to settle all issues of personal jurisdiction.” Maj. Op. at 1297. Finally, the majority points to Touchcom, 574 F.3d at 1415, and states that, in that case, “we held that Rule 4(k)(2) applied even though it had never been raised at any point prior to appeal, much less recited as a basis for jurisdiction in the plaintiffs’ original complaint.” Maj. op. at 1298.
The difficulty I have with both the district court’s and the majority’s position is that, I believe, both positions ignore what was said in Ins. Corp. of Ireland, Ltd.: “A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.” 456 U.S. at 706, 102 S.Ct. at *1310 2106, 72 L.Ed.2d at 504. That is precisely what Cipla did here. In other words, both the district court and the majority are critical of Cipla for following a course of action which the Supreme Court has expressly stated was available to it. In my view, this is incorrect.
I also do not agree with the majority’s view that “Cipla should have apprehended that Rule 4(k)(2) might arise,” which, I think, ignores the allegations in the 2007 complaint. In that complaint, Merial alleged that the defendants had contacts with Georgia sufficient to support personal jurisdiction under Rule 4(k)(l) by virtue of their sales to the state of Georgia.[1] These factual allegations precluded the assertion of personal jurisdiction under Rule 4(k)(2), which requires that “the defendant is not subject to jurisdiction in any state’s courts of general jurisdiction.” F.R.C.P. 4(k)(2)(A). I do not believe Cipla should have been on notice of the application of Rule 4(k)(2) when the allegations in the complaint precluded the application of Rule 4(k)(2).
At the same time, I am not persuaded by the majority’s reliance on Rule 12(b)(2) and its citation to Touchcom. It is true that Rule 12(b)(2) states that a party “may assert” by motion the defense of lack of personal jurisdiction. The critical words are “may assert,” however. The rule is not mandatory. As discussed, Cipla had the option, which it pursued, of ignoring the 2007 suit in Georgia and later challenging any default judgment in a collateral proceeding. As far as Touchcom is concerned, I have no quarrel with the majority’s reading of the case insofar as it indicates that Rule 4(k)(2) may apply whether or not it is raised by the parties. But that is not the issue here. I see no error in the district court having allowed Merial to assert Rule 4(k)(2) for the first time in the contempt proceeding. The error I see was not allowing Cipla, in the face of that assertion, to designate a substitute forum.
B.
As noted above, the district court stated that “Rule 4(k)(2) requires a determination of whether an Illinois court could have exercised personal jurisdiction over Cipla at the time the Complaint in this action was filed absent consent to jurisdiction by Cipla.” Contempt Order, 2011 WL 2489753, at *9. The majority agrees with the district court; it states:
Contrary to Cipla’s contentions, a defendant cannot defeat Rule 4(k)(2) by simply naming another state; the defendant’s burden under the negation requirement entails identifying a forum where the plaintiff could have brought suit — a forum where jurisdiction would have been proper at the time of filing, regardless of consent. Consistent with that obligation, a defendant does not identify “a more appropriate state” by suggesting an alternative form with no basis for personal jurisdiction but its consent.
Maj. op. at 1294-95. Thus, both the district court and the majority take the position that, Cipla’s consent to jurisdiction in Illinois notwithstanding, it was necessary to determine that suit could have been brought in Illinois in the first place under its long-arm statute. I do not believe that the law supports this requirement.
In Touchcom, we stated that “a court is entitled to use Rule 4(k)(2) to determine whether it possesses personal jurisdiction over the defendant unless the defendant names a state in which the suit can proceed.” 574 F.3d at 1414. We then proceeded to adopt the approach set forth by *1311 the Seventh Circuit in ISI International, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 551-52 (7th Cir.2001). There, the court stated:
A defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there (personal jurisdiction unlike federal subject-matter jurisdiction is waivable). If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2).
256 F.3d at 552 (citations omitted). See Touchcom, 574 F.3d at 1415 (“We conclude that the approach articulated by the Seventh Circuit is ... in tune with the purposes behind the enactment of Rule 4(k)(2).”). See also Bradford Co. v. Conteyor N. Am., Inc., 603 F.3d 1262, 1272 (Fed.Cir.2010) (citing Touchcom and stating that the Federal Circuit has “adopted the Seventh Circuit’s approach that allows a district court to use Rule 4(k)(2) whenever a foreign defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible.”) (emphasis added).
The reason I disagree with the district court and the majority is that I am unable to identify any support for imposing the requirement that, before a party in Cipla’s situation may consent to personal jurisdiction in a substitute forum, it must be demonstrated that suit could have been brought in that forum in the first place absent the party’s consent. That such support is lacking is not, I think, surprising. In Ins. Corp. of Ireland, Ltd., the Supreme Court discussed the difference between subject-matter jurisdiction and personal jurisdiction. After noting that subject-matter jurisdiction is an Article III requirement and “functions as a restriction on federal power and contributes to the characterization of the sovereign[,]” the Court stated that “no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant.” 456 U.S. at 702, 102 S.Ct. at 2104, 72 L.Ed.2d at 500-01. On the other hand, the Court stated, “[t]he requirement that a court have personal jurisdiction flows not from [Article III] but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.” Id., 456 U.S. at 702, 102 S.Ct. at 2104, 72 L.Ed.2d at 501 (footnote omitted). The Court concluded that “[bjecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.” Id. at 703, 102 S.Ct. at 2105, 72 L.Ed.2d at 502. Notably, after making this statement, the Court cited to McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608 (1917), where, it stated, “the Court indicated that regardless of the power of the State to serve process, an individual may submit to the jurisdiction of the court by appearance.” Id., 456 U.S. at 703, 102 S.Ct. at 2105, 72 L.Ed.2d at 502. Significantly, in ISI International, whose approach we have adopted, the court relied on this aspect of personal jurisdiction when it stated that “[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there (personal jurisdiction unlike federal subject matter jurisdiction is waivable).” 256 F.3d at 552. See, e.g., Bradford, 603 F.3d at 1271-2 (stating that jurisdiction may lie over defendant simply by its acknowledgment in the briefing on appeal that it is subject to jurisdiction in Michigan); Knowlton v. Allied Van *1312 Lines, Inc., 900 F.2d 1196, 1200 (8th Cir.1990) (stating “consent is a valid basis of personal jurisdiction, and resort to minimum-contacts or due process analysis to justify the jurisdiction is unnecessary”) (citing Ins. Corp. of Ireland, Ltd., 456 U.S. at 703, 102 S.Ct. at 2105, 72 L.Ed.2d at 502.); SEC v. Blazon Corp., 609 F.2d 960, 965 (9th Cir.1979) (“A defendant cannot waive his right to assert a lack of subject matter jurisdiction, but he can confer jurisdiction over his person upon a court otherwise lacking that jurisdiction by expressly consenting to it”). In my view, because the rule that allows a party to defeat Rule 4(k)(2) jurisdiction by designating a substitute forum is founded upon the proposition that personal jurisdiction is waivable, it is not necessary to independently establish that suit could lie in the substitute forum absent the designation. I thus believe that the district court erred in imposing such a requirement in this case and that the majority, in turn, errs in endorsing what the district court did.
I believe the Seventh Circuit’s opinion in ISI International is instructive. There, neither party had raised the issue of Rule 4(k)(2) before the district court. ISI, Int’l, 256 F.3d at 551. The Seventh Circuit stated:
ISI International did not rely on Rule 4(k)(2), but S & A’s appellate lawyer was ready for the questions asked during the oral argument. When the court inquired whether S & A would be subject to personal jurisdiction in any other state (California, for example), counsel was noncommittal. More discovery would be needed, counsel suggested. But S & A does not need discovery to learn its own acts. Nor is it apparent how more facts could contribute to resolution of the question. S & A had it within its power to knock out Rule 4(k)(2) by agreeing that it is subject to personal jurisdiction in some other state. It proved unwilling to do so. We therefore conclude that under Rule 4(k)(2) jurisdiction is proper in the United States District Court for the Northern District of Illinois.
Id. at 552. Thus, consent to jurisdiction by defendant’s counsel would have been sufficient to defeat Rule 4(k)(2) jurisdiction.[2] The Seventh Circuit rejected the need for further factual inquiry as the consent of defendant’s counsel was all that was required.
It appears that the majority arrives at its holding based upon the appearance of the words “could proceed” and “appropriate” in ISI International, see 256 F.3d at 552, and the words “could have brought suit” and “suitable” in Touchcom, see 574 F.3d at 1415. Reading the relevant part of its opinion, see Maj. op. at 1293-94, I understand the majority to be taking the position that these words support the requirement that, in this case, there be a showing that suit could have been brought in Illinois in the first place. I am unable to agree. I do not believe that these words, standing alone, are enough to support engrafting this added requirement onto the Rule 4(k)(2) procedure, especially where that procedure is founded upon the principle that personal jurisdiction is a matter that is waivable. In addition, I am unable to reconcile this added requirement with the Seventh Circuit’s statement that the consent of defendant’s counsel at oral argument would have been sufficient to *1313 “knock out Rule 4(k)(2).” ISI, Int’l, 256 F.3d at 552.
The majority also expresses the concern that allowing a party in Cipla’s situation to designate another forum would allow the party to undo an adverse final judgment and obtain “the chance to litigate from a clean slate.” Maj. op. at 1294-95. The majority’s desire to see litigation brought to a conclusion is understandable. However, this concern is present in every case where a default judgment is challenged for lack of personal jurisdiction. I do not believe this legitimate concern can trump the requirement that a court have personal jurisdiction over a defendant and the consequences that result when a judgment is entered against that defendant in the absence of such jurisdiction.
Moreover, allowing Cipla to designate an alternative forum would aid in bringing this litigation to a conclusion. If this case were transferred to the Northern District of Illinois, Cipla would have two options, either respond to the allegations and fully litigate the dispute or suffer the consequences of a default judgment. Importantly, Cipla would no longer be able to challenge a default judgment for lack of personal jurisdiction, and Merial would have the opportunity to fully press its case.
IV.
For the foregoing reasons, I believe that the district court erred in not allowing Cipla to designate the Northern District of Illinois as a substitute forum for suit against it. I therefore would reverse the decision of the court and would hold that the court lacked personal jurisdiction over Cipla under Rule 4(k)(2). Consequently, I (1) would vacate the contempt order and underlying default judgment against Cipla; (2) would vacate the injunction against Ci-pla, Velcera, and Fidopharm; and (3) would remand with the instruction that the court transfer the case to the Northern District of Illinois. Accordingly, I respectfully dissent.

. Notably, in 2007, Merial elected not to plead the application of Rule 4(k)(2) in the alternative, as specifically contemplated by this Court in Touchcom. 574 F.3d at 1415.

. The quoted passage also, I believe, contradicts the assertion of the district court in this case that consent must occur at the time the complaint is filed. In ISI International, the question of consent necessarily arose at a time after the complaint was filed as neither party raised the issue of Rule 4(k)(2) before the district court. Thus, the Seventh Circuit implicitly acknowledges that defendants could defeat Rule 4(k)(2) by consenting to jurisdiction elsewhere at some time after the complaint was filed.