# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DORED SHIBA,

      Appellant,

    v.

DEPARTMENT OF HOMELAND
  SECURITY,

      Agency.

DOCKET NUMBER
CH-1221-16-0285-W-1

DATE: February 8, 2023

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Christina Abraham</u>, Esquire, Chicago, Illinois, for the appellant.

<u>Lynn N. Donley</u>, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        In 2003, the appellant voluntarily resigned from his Federal employment with the Social Security Administration for medical reasons and began receiving a Federal Employees Retirement System (FERS) disability retirement annuity in 2004.  Initial Appeal File (IAF), Tab 1 at 11, Tab 7 at 2; *Shiba v. Department of Homeland Security*, MSPB Docket No. CH-0752-10-0761-I-1, Initial Appeal File (0761 IAF), Tab 7 at 21.  In 2007, he was hired by the Department of Homeland Security (the agency) but, 2 months later, filed a claim for a workplace injury.  0761 IAF, Tab 6 at 10, Tab 7 at 21.  The Office of Workers' Compensation Programs (OWCP) accepted his injury as compensable, and the agency placed him in a leave without pay (LWOP) status.  *Id.*

¶3        After 3 years of being in an LWOP status, the agency removed him based on his unavailability for work.  0761 IAF, Tab 7 at 22, Tab 14, Initial Decision (0761 ID) at 2.  He appealed to the Board, and an administrative judge issued an initial decision reversing the appellant's removal after he produced new medical documents suggesting that he could return to work.  0761 ID at 2, 4.  Neither party appealed, and the initial decision became the Board's final decision.  Following his reinstatement in November 2010, the appellant filed a notice of recurrence with OWCP.  Petition for Review (PFR) File, Tab 1 at 5, Tab 3 at 13.  It appears that, in response to OWCP's inquiry regarding why he believed his prior injury had recurred, the appellant admitted that he had never recovered.  PFR File, Tab 3 at 15.  Instead, he "pressure[d] [his] physicians into releasing [him] to work" so that he could keep his job.  *Id.*  He stated that he had obtained the medical documentation that he submitted in his prior appeal in order to have the Board reverse his termination.  *Id.*

¶4        The appellant alleges that OWCP accepted the recurrence as compensable, and he again went on LWOP. *Id.* In September 2011, the agency's Office of Inspector General (OIG) commenced an investigation regarding the appellant. IAF, Tab 8 at 7-8. In August 2014, the agency terminated the appellant, treating him as an at-will reemployed annuitant. IAF, Tab 1 at 7-8. The termination decision was made by a District Director who assumed his position 2 weeks prior to the termination. IAF, Tab 1 at 9; PFR File, Tab 3 at 7, Tab 4 at 6-7. The appellant filed a complaint with the Office of Special Counsel (OSC) alleging reprisal for his workplace injury, his prior Board appeal, a statement he made to his direct supervisor about agency employees being rude to the public, and disclosures he made to his second-line supervisor and a city mayor. IAF, Tab 1 at 4, 22, Tab 7 at 3-5. After the OSC issued a close-out letter, he filed this IRA appeal alleging reprisal for protected activity and disclosures. IAF, Tab 1 at 4, 25.

¶5        The administrative judge notified the appellant of his jurisdictional burden and ordered him to submit evidence and argument on the jurisdictional issue. IAF, Tab 3. After the appellant responded and the agency replied, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 10. She found that the appellant failed to make a nonfrivolous allegation that he engaged in protected activity or that he made protected disclosures that were a contributing factor in the OIG investigation or his termination. ID at 1, 4-8. Specifically, she found that his alleged workplace injury and statements regarding rude employees were not protected disclosures, and that his prior Board appeal was not a protected activity. ID at 4-8. She found that he nonfrivolously alleged that his disclosures of his ill treatment to a city mayor, and to his supervisor of bribes accepted by agency employees, were protected. ID at 7-8. However, she found that the appellant failed to nonfrivolously allege that the agency officials who

initiated the investigation or his termination were aware of his protected disclosures.  ID at 9.

¶6      The appellant has petitioned for review.  PFR File, Tab 1.  He argues that the administrative judge erred in finding that he did not engage in protected activity when he filed his prior Board appeal.  *Id.* at 6-8.  Further, he disagrees with her finding that he failed to nonfrivolously allege that the OIG investigation was the result of his protected activities and disclosures.  *Id.* at 9.  He also presents new evidence and argument pertaining to Board jurisdiction over his claim that his termination was in reprisal for a protected disclosure.  PFR File, Tab 1 at 9, 28, Tab 4 at 8-10.  The agency has responded to the petition for review, and the appellant has replied.  PFR File, Tabs 3-4.

¶7      To establish Board jurisdiction over an IRA appeal based on whistleblower reprisal,  the appellant must exhaust his administrative remedies before OSC[2] and make nonfrivolous allegations of the following:     (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i),(B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 13.  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s);[3] *see also Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368-69 (Fed. Cir. 2020).[4]

---

[2] The administrative judge found that the appellant duly exhausted his claims before the OSC, ID at 2-4, and the parties do not challenge this finding.  We decline to disturb this finding on review.

[3] The regulation further provides that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that:  (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal.  5 C.F.R. § 1201.4(s).  Pro forma allegations are insufficient

¶8 On review, the appellant disagrees with the administrative judge's finding that his prior Board appeal could not qualify as protected activity because it was: (1) adjudicated prior to the effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476; and (2) outside the scope of the predecessor statute.[5] ID at 4-5. The appellant argues that his prior Board appeal constitutes protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), regardless of when it was adjudicated, because the District Director's termination decision was made after the effective date of the WPEA. PFR File, Tab 1 at 6-8, Tab 4 at 7-8. We need not reach this issue, given that section 2302(b)(9)(A)(i) applies only to claims that seek to remedy whistleblowing reprisal, *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013), and the appellant's prior Board appeal contained no whistleblowing reprisal claim, 0761 IAF, Tab 1 at 5; 0761 ID. Therefore, the administrative judge's conclusion that the appellant's prior Board appeal was not protected activity is correct regardless of whether it is assessed under the WPEA or the predecessor statute.[6]

---

to meet the nonfrivolous standard. *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 6 (2016), *aff'd*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11.

[4] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act Pub. L. No. 115 195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

[5] The WPEA, which became effective on December 27, 2012, expanded the grounds on which an appellant may file an IRA appeal with the Board. WPEA § 101(b)(1)(A); *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014). Under the WPEA, an appellant may file an IRA appeal concerning reprisal based on certain additional classes of protected activity, as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D). *See* 5 U.S.C. § 1221(a); *Hooker*, 120 M.S.P.R. 629, ¶ 9.

[6] On review, the appellant also alleges that he was denied accommodation for his medical restrictions immediately after he was returned to work as a result of his success

¶9    The appellant also reiterates that the OIG investigated him in retaliation for a protected disclosure.  PFR File, Tab 1 at 5, 7, 9.  One way of proving the contributing factor element is the knowledge/timing test.  *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63.  To satisfy the knowledge/timing test, the employee submits evidence showing that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action.  *Id.*  We agree with the administrative judge that the appellant failed to make a nonfrivolous allegation under the knowledge/timing test that a protected disclosure was a contributing factor in the investigation because he merely stated that "someone" in the agency referred him to the OIG for an investigation but did not identify or connect this individual to his protected disclosure.  ID at 9; PFR File, Tab 1 at 5, 7, 9; IAF, Tab 1 at 22, Tab 7 at 4-5.  As noted, in the context of whistleblowing, the Board has found that an appellant must make specific and detailed allegations; vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard.  *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016).

¶10    If the appellant fails to satisfy the knowledge/timing test, the Board considers other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing

---

in his prior Board appeal.  PFR File, Tab 1 at 5.  However, because the alleged denial of accommodation predates the appellant's protected disclosure regarding bribery, he cannot meet his burden to nonfrivolously allege jurisdiction.  *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 27 (2013) (observing that, when alleged personnel actions predate an appellant's disclosures, the appellant cannot prove contributing factor under any theory).  In addition, it does not appear that the appellant exhausted this claim or raised it below.  IAF, Tab 7 at 4-5 & Exhibit B at 6; ID at 4; *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (the Board's jurisdiction in an IRA appeal is limited to issues previously raised before OSC, although an appellant may give a more detailed account of their whistleblowing before the Board than they did to OSC).

was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Pridgen*, 2022 MSPB 31, ¶ 65. The administrative judge did not analyze those other considerations in determining whether the appellant nonfrivolously alleged that he was subjected to an OIG investigation in reprisal for his protected disclosure. Nonetheless, having considered this alternative method of proving contributing factor, we find no basis to disturb the administrative judge's finding that the Board lacks jurisdiction over this alleged personnel action. The appellant has failed to allege that any agency official with knowledge of a protected disclosure referred him to the OIG. PFR File, Tab 1 at 5. Without knowledge of the disclosures, the unidentified person who the appellant alleges contacted the OIG cannot have relied on a protected disclosure in doing so, and could not have a desire or motive to retaliate based on a protected disclosure.

¶11    Nevertheless, we find it appropriate to remand this matter, given that the appellant offers new argument and evidence in support of his allegation that the District Director was influenced by the appellant's second-line supervisor, to whom the appellant alleged he made a protected disclosure regarding bribery.[7] PFR File, Tab 1 at 9, 17, 28. The agency argues that the evidence offered by the appellant is not new within the meaning of 5 C.F.R. § 1201.115(d) because it was available to him months before the issuance of the initial decision and could have been raised below. PFR File, Tab 3 at 8. The agency is correct that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, because the evidence is

---

[7] Specifically, he points to the District Director's response to an interrogatory served during the appellant's equal employment opportunity proceeding, in which the District Director stated that he "consulted" with the second-line supervisor in connection with the appellant's termination. PFR File, Tab 1 at 28.

material to the issue of Board jurisdiction, a matter that can be raised at any time during the Board's proceedings, we will consider the appellant's new argument and evidence on review. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016).

¶12        As pertinent here, an appellant may establish an official's constructive knowledge of his disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 15 (2016). The appellant has offered evidence of, and asserted that, his protected disclosure regarding bribery was a contributing factor because the deciding official taking the action might have had constructive knowledge of the disclosure. Therefore, we find that he has made a nonfrivolous allegation of Board jurisdiction, *id.*, ¶ 16, and we remand this appeal for adjudication on the merits of that issue.

¶13        Should the appellant prevail on remand, however, it appears that he may not be entitled to back pay or reinstatement. His employment status as a reemployed annuitant and, consequently, an at-will employee, was neither litigated below nor raised in his prior Board appeal, in which his removal was reversed.[8] 0761 ID; PFR File, Tab 3 at 5; 5 U.S.C. § 3323(b)(1). If the appellant was a reemployed annuitant at the time of his prior separation, the Board did not have jurisdiction to order his reinstatement in his earlier chapter 75 appeal. *See McDonald v. Mabee*, 243 U.S. 90 (1917) (finding that a civil judgment issued by a court that lacked personal jurisdiction over the defendant was void); *Garza v. Department of the Navy*, 119 M.S.P.R. 91, ¶ 9 (2012) (finding that the Board lacks jurisdiction over

---

[8] The appellant alleges for the first time on review that he stopped being a reemployed annuitant in 2009. *Compare* PFR File, Tab 4 at 5 (arguing that, once the appellant cancelled his disability retirement benefits, he was no longer an at-will employee), *with* IAF, Tab 1 at 25, Tab 7 at 2 (alleging below and in his OSC complaint that the appellant has remained a reemployed annuitant throughout his employment with the agency).

the separation of a FERS reemployed annuitant).  Further, the initial decision in the prior Board appeal might be invalid as having been obtained by fraud on the Board, given that the administrative judge in that appeal premised her determination on medical documents that the appellant may have known falsely stated he could return to work as perhaps evidenced by his acknowledgment that he "pressure[d] [his] physicians into releasing [him] to work."  0761 ID at 2; PFR File, Tab 3 at 13-15; *see* Fed. R. Civ. Pro. 60(d)(3) (empowering Federal courts to "set aside" judgments "for fraud on the court"); *see also Sabio v. Department of Veterans Affairs*, [124 M.S.P.R. 161](#), ¶ 27 (2017) (observing that the Board may look to the Federal Rules of Civil Procedure as nonbinding guidance).

¶14     Because the issues of jurisdiction and fraud on the Board in the prior Board appeal may affect whether the appellant is eligible for reinstatement or back pay in this IRA appeal, the administrative judge should develop the record as needed to determine the appropriate scope of corrective action in the event that the appellant prevails.

## ORDER

¶15     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[9]

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

---

[9] The remand initial decision will incorporate the findings from this order and include a notice of appeal rights for all claims raised by the appellant.