693 A.2d 571

J.N., PLAINTIFF, v. D.S., DEFENDANT.

Superior Court of New Jersey
Chancery Division
Family Part
Morris County

Decided December 23, 1996.

---

*Kathleen Healy Sims,* for plaintiff.

*Ira Cohen,* for defendant.

ZUCKER–ZARETT, J.S.C.

This matter came before the Court for a final hearing under the Prevention of Domestic Violence Act after a temporary restraining order had been issued in New Jersey to the victim. The question

to be decided is whether or not a New Jersey court has jurisdiction to enter a Final Restraining Order where the alleged act of domestic violence occurred in another State, but where the victim fled to New Jersey for shelter.

J.N. and D.S. were both residents of the State of New Jersey. They dated while in high school and continued their dating relationship after D.S. went off to college in Nebraska and J.N. went to school in Massachusetts. D.S. invited J.N. to visit with him in Nebraska. She accepted his invitation and later decided to transfer from Massachusetts to Nebraska because she liked the campus in Nebraska better and thought the school had more to offer.

Some time after J.N. transferred to Nebraska, J.N. and D.S. terminated their dating relationship, but they continued to see each other. One night, J.N. was at a party at D.S.'s fraternity house with a fraternity brother of D.S.'s. D.S. arrived at the party a little later in the evening. Upon his arrival, he immediately engaged in an altercation with his fraternity brother. He then turned to J.N., verbally attacked her, slapped her on the neck, spat beer into her face and pushed and shoved her. She left the party with friends and went back to her apartment. Later that evening, she went out for coffee. When she returned, D.S. was waiting for her in the parking lot of her apartment. He proceeded to yell at her, call her and her mother obscene names and threatened he was going to make her life a living hell.

J.N. was frightened and felt her life and well-being were in danger. She went to the local police station, but they were unable to provide her with the assistance she sought.[1] She called her father in New Jersey who advised her that if she were that frightened, she should return home to New Jersey. She followed

---

[1] After J.N. returned to the State of New Jersey, she found out that the school has a program which protects victims of domestic violence. J.N. has decided, however, that she will not return to the school in Nebraska because of her fear of D.S.

his advice, packed up her belongings and drove home to New Jersey. On August 29, 1996, nine days after the incident, she filed a domestic violence complaint against D.S. in New Jersey and obtained a T.R.O.

D.S. was served by mail in Nebraska with a copy of the complaint and the T.R.O. Because he was not returning to the State of New Jersey until winter recess, a continued restraining order was entered and a hearing was not scheduled until December 23, 1996.

D.S. sought to dismiss the complaint for lack of jurisdiction. D.S. claimed that because the incident took place outside of New Jersey, that New Jersey lacked jurisdiction to enter a restraining order against him pursuant to *N.J.S.A.* 2C:25–28a.

*N.J.S.A.* 2C:25–28a establishes venue: it is not a jurisdictional statute. It permits a plaintiff to apply for relief in a court having jurisdiction over the place where the alleged act of domestic violence occurred, where the defendant resides, or where the plaintiff resides or is sheltered.

*N.J.S.A.* 2C:25–29a permits a court to consider certain factors at a final hearing. One is the existence of a verifiable order of protection from another jurisdiction. *The State of New Jersey Domestic Violence Procedures Manual (Revised):* September 1994, issued under the authority of the Supreme Court of New Jersey and the Attorney General of the State of New Jersey states, "Where a plaintiff has a verifiable order of protection from another state (or jurisdiction), the acts of violence that led to that order should be viewed as providing an adequate basis for the issuance of like restraints in New Jersey, without a need for alleging additional acts of violence." at 44.

*N.J.S.A.* 2C:25–28a permits a victim to file a complaint alleging the commission of an act of domestic violence. The complaint shall not be dismissed because the victim has left the residence to avoid further incidents of domestic violence. *N.J.S.A.* 2C:25–28a does not expressly mandate that the act of domestic violence must

take place in New Jersey, nor does *N.J.S.A.* 2C:25–29a foreclose the victim from proving at a final hearing that an act of domestic violence was committed in another state where the victim has not sought or obtained an order of protection from another State.

■ Domestic violence is a serious crime against society. It must be addressed affirmatively by both law enforcement personnel and the courts, so that the victim and society are protected. *Domestic Violence Procedures Manual (Revised)* at 1. The statute is to be liberally construed to protect true victims of domestic violence.

Were the court to deny jurisdiction in this case, the victim who seeks shelter in this state would be unprotected, unable to use the procedures established in this state which permit law enforcement officers and the courts to respond, promptly and effectively, to domestic violence cases. The victim would have to wait, in fear, for the alleged abuser to commit an additional act of domestic violence, this time in New Jersey, before having recourse to the law and to the courts of this state.

■ Were the court to find jurisdiction because the victim is here and has sought shelter within the borders of this State, what harm would the alleged abuser suffer? On a temporary basis, the abuser would be prohibited from having any contact with the victim or going to the victim's home or place of employment. Should the abuser choose to submit to the jurisdiction of the State of New Jersey, he/she would be entitled to a hearing where the victim and the alleged abuser would be afforded the opportunity to testify, present witnesses and cross examine those testifying against them before a final order would be entered. Should the abuser choose not to have the matter adjudicated in the courts of the State of New Jersey, there would be no final restraining order entered on the merits, but the victim would have the protection needed so long as the victim remains in the State of New Jersey. Nothing compels the abuser to answer the complaint in New Jersey and no penalties can be entered or imposed against the abuser by default. The notions of *in personam* jurisdiction are

not thereby violated or placed in jeopardy. By its very nature, a temporary restraining order grants emergent, *ex-parte* relief only upon good cause shown, where there is a showing that restraints are necessary to protect the life, health or well-being of a victim.

Balancing this state's broad policy against domestic violence and our Legislature's detailed statutory scheme for protecting victims against some limited interference with the alleged abuser's movements in the State of New Jersey, this court finds that it has jurisdiction to conduct a hearing and to decide whether or not a final restraining order should issue where there is an allegation that an act of domestic violence has been committed in another state, but where the victim, a New Jersey resident, flees from the abuser to New Jersey for shelter. Our Legislature intended the courts to take such action when it acknowledged the seriousness of these crimes and the need for law enforcement officials and the courts to provide protection for the victims of those crimes, while at the same time not establishing a statutory requirement that the act of domestic violence take place in this State.